UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>    Plaintiff,<br><br>v.<br><br>THE PRESIDENT OF US,<br><br>    Defendant. | No. 2:25-cv-0157 TLN AC PS<br><br>ORDER TO SHOW CAUSE<br>WHY PLAINTIFF SHOULD NOT BE<br>DECLARED A VEXATIOUS LITIGANT |

Plaintiff is proceeding in this action in pro se, and the case is accordingly referred to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21).  Finding that plaintiff has an extensive history of frivolous and repetitive litigation in this district, the undersigned hereby orders plaintiff to show cause as to why he should not be declared a vexatious litigant and subjected to pre-filing conditions, which will be made applicable to this case and each of plaintiff's pending and future lawsuits.  Plaintiff has 30 days to respond to this order to show cause.

**I.   Overview**

On January 13, 2025, plaintiff filed the complaint in this action, along with a request to proceed in forma pauperis. ECF Nos. 1, 2.  As set forth more fully below, plaintiff Taifusin Chiu is a serial litigant whose cases are routinely dismissed upon filing.  Considering Mr. Chiu's litigation history, which is detailed below, he shall be required to show cause why the court should not deem him a vexatious litigant and impose pre-filing conditions upon him before he

1

may proceed with this case or file any other lawsuits in this district.

**II.     Legal Standard**

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.  Before entering a pre-filing order, the court must: (1) give the litigant notice and a chance to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (4) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered." Molski, 500 F.3d at 1057.

The first and second factors "are procedural considerations"; the third and fourth factors "are substantive considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58.  As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058).  They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

III. **Analysis**

For the reasons that follow, the undersigned tentatively concludes that Mr. Chiu's litigation history demonstrates a pattern of frivolous, repetitive, and harassing complaints that calls for him to be deemed a vexatious litigant. See De Long, 912 F.2d at 1146.

A. Notice and Opportunity to Be Heard

The first Molski factor, ensuring procedural due process, is satisfied where the court notifies the litigant that it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063. This Order to Show Cause provides notice to Mr. Chiu that the court is considering deeming him a vexatious litigant and is considering entering a comprehensive pre-filing order that would apply to all future lawsuits. A full description of this potential pre-filing order can be found in Section D below. Mr. Chiu is being provided the opportunity to explain in writing why he should not be declared a vexatious litigant, and to state any objections he has to the contemplated terms of a pre-filing order. Plaintiff's response to this Order to Show Cause should be submitted to the court no later than 30 days from the date of this Order.

B. <u>Adequate Record for Review</u>

Turning to the second <u>Molski</u> factor, the undersigned has reviewed the dockets related to plaintiff's previous lawsuits in this court and lists those cases below. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." <u>De Long</u>, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. <u>Ringgold-Lockhart</u>, 761 F.3d at 1063.

Plaintiff has filed at least 27 cases in this district, including the instant case. All previous cases have been unsuccessful, dismissed at the outset as frivolous. Plaintiff's previous cases in this court, of which the undersigned takes judicial notice, are:

1. <u>Chiu v. Donald Trump/Storage/Choke Me Story</u>, 2:22-cv-0764 KJM AC (dismissed at the outset as legally frivolous);
2. <u>Chiu v. President of the United States</u>, 2:22-cv-0809 TLN DB (dismissed at the outset as legally frivolous);
3. <u>Chiu v. President of the U.S., et al.</u>, 2:22-cv-01853 DAD AC (voluntarily dismissed after Findings and Recommendations were issued recommending dismissal at the outset as legally frivolous);
4. <u>Chiu v. Saechou</u>, 2:23-cv-0094 DAD KJN (dismissed at the outset as legally frivolous);
5. <u>Chiu v. Saechou, et al.</u>, 2:23-cv-0095 KJM KJN (dismissed at the outset as legally frivolous);
6. <u>Chiu v. Consumes River College.</u>, 2:23-cv-0096 TLN CKD (dismissed at the outset as legally frivolous);
7. <u>Chiu v. President of U.S., et al.</u>, 2:23-cv-0097 DJC JDP (dismissed at the outset as legally frivolous);
8. <u>Chiu v. President of U.S., et al..</u>, 2:23-cv-0098 KJM JDP (dismissed at the outset as legally frivolous);
9. <u>Chiu v. Extra Storage Space</u>, 2:23-cv-0099 KJM AC (dismissed at the outset as legally frivolous);

10. Chiu v. President of US, et al., 2:23-cv-0835 DJC JDP (dismissed at the outset as legally frivolous);

11. Chiu v. Unknown., 2:23-cv-1053 KJM KJN (dismissed at the outset as legally frivolous);

12. Chiu v. The President of the US, et al., 2:23-cv-01199 DJC CKD (dismissed at the outset as legally frivolous);

13. Chiu v. Bank of America, et al., 2:23-cv-1200 KJM JDP (dismissed at the outset as legally frivolous);

14. Chiu v. Bank of America, 2:23-cv-1201 KJM AC (dismissed at the outset as legally frivolous);

15. Chiu v. Iu Mien Church, et al., 2:23-cv-2215 KJM CKD (dismissed at the outset for failure to state a claim and failure to establish jurisdiction);

16. Chiu v. Trump, 2:23-cv-2626 TLN JDP (dismissed at the outset as legally frivolous);

17. Chiu v. President of US, et al., 2:23-cv-0401 DJC KJN (dismissed at the outset as legally frivolous);

18. Chiu v. All Churches Outside Culture, et al., 2:24-cv-0427 TLN JDP (dismissed at the outset as legally frivolous);

19. Chiu v. Iu Mein Church, 2:24-cv-01412 DAD CSK (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

20. Chiu v. President of US Donald Trump, et al., 2:24-cv-01738 KJM AC (dismissed at the outset as legally frivolous);

21. Chiu v. President of US, et al., 2:25-cv-0154 DJC SCR (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

22. Chiu v. President of US, et al., 2:25-cv-0155 DAD JDP (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

23. Chiu v. President of US, et al., 2:25-cv-0156 DJC SCR (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

24. Chiu v. President of US, et al., 2:25-cv-0157 TLN AC (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

25. <u>Chiu v. President of US, et al.</u>, 2:25-cv-0406 DJC AC (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

26. <u>Chiu v. President of US, et al.</u>, 2:25-cv-0407 TLN SCR (case open, Findings and Recommendations to dismiss at the outset as frivolous are pending);

27. <u>Chiu v. Trump, et al.</u>, 25-cv-0704 DJC AC (present case).

In every case he has filed, plaintiff has asked to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. The court is required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to this screening requirement, every case plaintiff has filed that has been adjudicated to date has been dismissed as frivolous on its face. The cases that remain open are all pending District Judge review of Findings and Recommendations to dismiss as frivolous. No case has survived screening.

### C. The Frivolous or Harassing Nature of Mr. Chiu's Litigation

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." <u>De Long</u>, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this prong, which requires the court to consider the litigant's history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. <u>Ringgold-Lockhart</u>, 761 F.3d at 1062; <u>Molski</u>, 500 F.3d at 1058 (quoting <u>Safir</u>, 792 F.2d at 24). For the reasons now explained, the weight of these considerations supports a substantive finding that Mr. Chiu has engaged in frivolous and harassing behavior by filing the lawsuits listed above.

*(1) Mr. Chiu's history of vexatious, harassing lawsuits.*

As stated above, each of the 26 lawsuits that Mr. Chiu filed in this district prior to the instant suit have been immediately dismissed at the IFP screening stage as frivolous, establishing an exceptionally strong pattern of frivolous and vexatious litigation. Mr. Chiu has been expressly and repeatedly warned about the potential that he will be declared a vexatious litigant if he continues to file frivolous lawsuits, yet the frivolous complaints continued. <u>See, e.g.</u>, <u>Chiu v.</u>

6

President of US, 2:24-cv-0401-DJC-KJN, ECF No. 3 at 3 ("VEXATIOUS LITIGANT WARNING" with explanatory paragraph); Chiu v. Bank of America, 2:23-cv-1201- KJM-AC, ECF No. 3 at 3, n.1.  Mr. Chiu's history of frivolous, vexatious lawsuits is readily apparent from his litigation history.

### (2) *Mr. Chiu's motive and the lack of objective good faith expectation of prevailing*

The complaint in this case is again frivolous, containing no cause of action and no specific allegations against any defendant.  ECF No. 1.  The complaint begins as follows: "999 USD Gizmodo Number President Show Down and USD Infinite President Show down[.]  Maximum Number to Infinite Number USD President[.]  Achievement versus no achievement[.]  Restrict versus picky[.]"  ECF No. 1 at 2.  The court will make no findings as to plaintiff's motive until it has the opportunity to consider his response to this order to show cause.  However, the court notes that the litigation history appears to be objectively inconsistent with any rational and good faith expectation that the complaint in this case could pass the screening process associated with IFP status, much less prevail.

### (3) *Mr. Chiu's lack of counsel*

In every one of the actions Mr. Chiu has filed, he has proceeded pro se and in forma pauperis.  Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh the burdens imposed by Mr. Chiu's abusive litigation tactics.

### (4) *Mr. Chiu has posed an unnecessary burden on the courts and their personnel*

Mr. Chiu's repetitive frivolous litigation has imposed an unnecessary burden on the personnel of this court.  Employees in the Clerk's office must repeatedly scan and file his frivolous complaints, which judges in this court must review (and given his history, dismiss); the Clerk's office must then mail out these orders.

It is apparent that Mr. Chiu has no intention of discontinuing his repeat litigation.  It is currently only the third month of the year 2025, and Mr. Chiu has already filed seven actions: 2:25-cv-00154 DJC SCR; 2:25-cv-00155 DAD JDP; 2:25-cv-00156 DJC SCR; 2:25-cv-00157 TLN AC; 2:25-cv-00406 DJC AC; 2:25-cv-00407 TLN SCR; and 2:25-cv-00704 DJC AC.

1    Accordingly, unless the court halts Mr. Chiu's actions, the court concludes that his litigation will
2    continue to pose an unnecessary burden on the court and its personnel.

3                    *(5) Availability of Alternative Sanctions.*
4           As set forth above, plaintiff has been repeatedly cautioned against filing repetitive
5    litigation.  Admonitions have had no effect.  Repeated dismissals of complaints as frivolous has
6    had no effect.  The undersigned concludes that the only way to end Mr. Chiu's abusive and
7    frivolous litigation is to consider a restrictive pre-filing order.

8                    **D.  Narrowly Tailored Vexatious Litigant Order**
9           Under the contemplated pre-filing order, Mr. Chiu will not be permitted to initiate any
10   new actions unless he submits alongside his complaint (1) a declaration under penalty of perjury
11   explaining why he believes he has meritorious claims; (2) a declaration listing all previous actions
12   he has filed in this court or any other court; identifying named defendants and all claims made in
13   the previous actions; certifying as to the newly submitted case that the defendants have not been
14   sued before or that any claims against previous defendants are not related to previous actions;
15   stating that the current claims are not frivolous or made in bad faith; and declaring that he has
16   conducted a reasonable investigation of the facts—an investigation which supports his claims;
17   and (3) a cover page including the following words in all capital letters at the top of the front
18   page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT IN CASE NO. 2:25-
19   cv-0704 DJC AC PS."
20          Under the contemplated order, if a proposed filing does not contain all the above, the
21   Clerk of the Court shall be directed to lodge (not file) it and the Court shall not review it.  If
22   plaintiff submits an action as a self-represented litigant accompanied by the documents described
23   above, then the Clerk of the Court will be directed to open the matter as a miscellaneous case to
24   be considered by the General Duty Judge of this Court.  The General Duty Judge shall determine
25   whether the case constitutes frivolous, repetitive, or otherwise barred litigation.  If the General
26   Duty Judge in his or her discretion determines that the proposed lawsuit is frivolous, repetitive, or
27   otherwise barred, he or she will dismiss the action without comment pursuant to the contemplated
28   pre-filing order.

The requirements of the contemplated prefiling order shall be waived if plaintiff's filing is made on his behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for plaintiff.

The court is also contemplating requiring Mr. Chiu to submit substantial monetary security before service of process, barring him from use of the in forma pauperis motion under 28 U.S.C. § 1915(a)(1), and/or limiting the number of other motions he may file, pursuant to Local Rule 151(b) and Cal. Civ. Proc. Code § 391.

### **ORDER**

Accordingly:

1. Plaintiff is hereby ORDERED to show cause in writing why he should not be declared a vexatious litigant under the Court's inherent powers and under California law, see Cal. Civ. Proc. Code § 391 and L.R. 151(b);
2. Plaintiff is hereby notified that under a vexatious litigant designation, a pre–filing order may be imposed, which may:
   a. require security be posted to maintain cases, see Cal. Civ. Proc. Code § 391.1 et seq.;
   b. restrict the filing of new cases via a pre-filing order, see Cal. Civ. Proc. Code § 391.7; and
   c. limit the number of motions plaintiff may maintain in a single case, including a limitation on his use of the in forma pauperis motion;
3. Plaintiff may submit a written response to this order on or before April 18, 2025;
4. The Clerk of the Court is directed to serve this Order on Mr. Chiu at his listed address and is further directed to serve him at the public counter when he next appears.

IT IS SO ORDERED.

DATED: March 19, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9