UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRESIDENT OF US,<br><br>    Defendant. | No. 2:25-cv-0157 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT |

Plaintiff is proceeding in this action in pro se, and the case is accordingly referred to the undersigned for pretrial proceedings pursuant to Local Rule 302(c)(21). Finding that plaintiff has an extensive history of frivolous and repetitive litigation in this district, the undersigned ordered plaintiff to show cause as to why he should not be declared a vexatious litigant and subjected to pre-filing conditions, which will be made applicable to this case and each of plaintiff's pending and future lawsuits. ECF No. 4. Plaintiff did not respond. The court now recommends that plaintiff be declared a vexatious litigant subject to pre-filing conditions.

**I.    Overview**

On January 13, 2025, plaintiff filed the complaint in this action, along with a request to proceed in forma pauperis. ECF Nos. 1, 2. As set forth more fully below, plaintiff Taifusin Chiu is a serial litigant whose cases are routinely dismissed upon filing. Considering Mr. Chiu's litigation history, which is detailed below, the court concludes he is a vexatious litigant and that

pre-filing conditions should be imposed upon him before he may proceed with this case or file any other lawsuits in this district.

## II. Legal Standard

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. Before entering a pre-filing order, the court must: (1) give the litigant notice and a chance to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (4) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered." Molski, 500 F.3d at 1057.

The first and second factors "are procedural considerations"; the third and fourth factors "are substantive considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058). They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

          (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

      Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

### III.    Analysis

For the reasons that follow, the undersigned concludes that Mr. Chiu's litigation history demonstrates a pattern of frivolous, repetitive, and harassing complaints that calls for him to be deemed a vexatious litigant. See De Long, 912 F.2d at 1146.

#### A.  Notice and Opportunity to Be Heard

The first Molski factor, ensuring procedural due process, is satisfied where the court notifies the litigant that it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063. The Order to Show Cause, ECF No. 4, provided notice to Mr. Chiu that the court is considering deeming him a vexatious litigant and is considering entering a comprehensive pre-filing order[1] that would apply to all future lawsuits. Mr. Chiu was provided

---

[1] A full description of this recommended pre-filing order can be found in Section IV below, and was provided to Mr. Chiu in the OSC.

the opportunity to explain in writing why he should not be declared a vexatious litigant, and to state any objections he has to the contemplated terms of a pre-filing order. He did not respond.

### B. Adequate Record for Review

Turning to the second Molski factor, the undersigned has reviewed the dockets related to plaintiff's previous lawsuits in this court and lists those cases below. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart, 761 F.3d at 1063.

Plaintiff has filed at least 27 cases in this district, including the instant case. All previous cases have been unsuccessful, dismissed at the outset as frivolous. Plaintiff's previous cases in this court, of which the undersigned takes judicial notice, are:

1. Chiu v. Donald Trump/Storage/Choke Me Story, 2:22-cv-0764 KJM AC (dismissed at the outset as legally frivolous);
2. Chiu v. President of the United States, 2:22-cv-0809 TLN DB (dismissed at the outset as legally frivolous);
3. Chiu v. President of the U.S., et al., 2:22-cv-01853 DAD AC (voluntarily dismissed after Findings and Recommendations were issued recommending dismissal at the outset as legally frivolous);
4. Chiu v. Saechou, 2:23-cv-0094 DAD KJN (dismissed at the outset as legally frivolous);
5. Chiu v. Saechou, et al., 2:23-cv-0095 KJM KJN (dismissed at the outset as legally frivolous);
6. Chiu v. Consumes River College, 2:23-cv-0096 TLN CKD (dismissed at the outset as legally frivolous);
7. Chiu v. President of U.S., et al., 2:23-cv-0097 DJC JDP (dismissed at the outset as legally frivolous);
8. Chiu v. President of U.S., et al., 2:23-cv-0098 KJM JDP (dismissed at the outset as legally frivolous);

9. <u>Chiu v. Extra Storage Space</u>, 2:23-cv-0099 KJM AC (dismissed at the outset as legally frivolous);
10. <u>Chiu v. President of US, et al.</u>, 2:23-cv-0835 DJC JDP (dismissed at the outset as legally frivolous);
11. <u>Chiu v. Unknown.</u>, 2:23-cv-1053 KJM KJN (dismissed at the outset as legally frivolous);
12. <u>Chiu v. The President of the US, et al.</u>, 2:23-cv-01199 DJC CKD (dismissed at the outset as legally frivolous);
13. <u>Chiu v. Bank of America, et al.</u>, 2:23-cv-1200 KJM JDP (dismissed at the outset as legally frivolous);
14. <u>Chiu v. Bank of America</u>, 2:23-cv-1201 KJM AC (dismissed at the outset as legally frivolous);
15. <u>Chiu v. Iu Mien Church, et al.</u>, 2:23-cv-2215 KJM CKD (dismissed at the outset for failure to state a claim and failure to establish jurisdiction);
16. <u>Chiu v. Trump</u>, 2:23-cv-2626 TLN JDP (dismissed at the outset as legally frivolous);
17. <u>Chiu v. President of US</u>, et al., 2:23-cv-0401 DJC KJN (dismissed at the outset as legally frivolous);
18. <u>Chiu v. All Churches Outside Culture, et al.</u>, 2:24-cv-0427 TLN JDP (dismissed at the outset as legally frivolous);
19. <u>Chiu v. Iu Mein Church</u>, 2:24-cv-01412 DAD CSK (case open, Findings and Recommendations re dismissal at the outset as frivolous are pending);
20. <u>Chiu v. President of US Donald Trump, et al.</u>, 2:24-cv-01738 KJM AC (dismissed at the outset as legally frivolous);
21. <u>Chiu v. President of US, et al.</u>, 2:25-cv-0154 DJC SCR (case open, Findings and Recommendations re dismissal at the outset as frivolous are pending);
22. <u>Chiu v. President of US, et al.</u>, 2:25-cv-0155 DAD JDP (case open, Findings and Recommendations re dismissal at the outset as frivolous are pending);
23. <u>Chiu v. President of US, et al.</u>, 2:25-cv-0156 DJC SCR (case open, Findings and Recommendations re dismissal at the outset as frivolous are pending);

1  24. Chiu v. President of US, et al., 2:25-cv-0157 TLN AC (case open, Findings and
2      Recommendations re dismissal at the outset as frivolous are pending);
3  25. Chiu v. President of US, et al., 2:25-cv-0406 DJC AC (case open, Findings and
4      Recommendations re dismissal at the outset as frivolous are pending);
5  26. Chiu v. President of US, et al., 2:25-cv-0407 TLN SCR (case open, Findings and
6      Recommendations re dismissal at the outset as frivolous are pending);
7  27. Chiu v. Trump, et al., 25-cv-0704 DJC AC (present case).
8      In every case he has filed, plaintiff has asked to proceed in forma pauperis ("IFP")
9  pursuant to 28 U.S.C. § 1915. The court is required to screen complaints brought by parties
10 proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
11 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to this screening requirement, every case plaintiff
12 has filed that has been adjudicated to date has been dismissed as frivolous on its face. The cases
13 that remain open are all pending District Judge review of Findings and Recommendations that
14 recommend dismissal as frivolous. No case has survived screening.

## C. The Frivolous or Harassing Nature of Mr. Chiu's Litigation

16 "[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to
17 make substantive findings as to the frivolous or harassing nature of the litigant's actions." De
18 Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this
19 prong, which requires the court to consider the litigant's history, motives, representation by
20 counsel, as well as the expense to others or burdens on the court and the possibility of other
21 sanctions. Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir, 792
22 F.2d at 24). For the reasons now explained, the weight of these considerations supports a
23 substantive finding that Mr. Chiu has engaged in frivolous and harassing behavior by filing the
24 lawsuits listed above.

25      *(1) Mr. Chiu's history of vexatious, harassing lawsuits.*

26      As stated above, each of the 26 lawsuits that Mr. Chiu filed in this district prior to the
27 instant suit have been immediately dismissed at the IFP screening stage as frivolous, establishing
28 an exceptionally strong pattern of frivolous and vexatious litigation. Mr. Chiu has been expressly

6

and repeatedly warned about the potential that he will be declared a vexatious litigant if he continues to file frivolous lawsuits, yet the frivolous complaints continued. See, e.g., Chiu v. President of US, 2:24-cv-0401 DJC KJN, ECF No. 3 at 3 ("VEXATIOUS LITIGANT WARNING" with explanatory paragraph); Chiu v. Bank of America, 2:23-cv-1201 KJM AC, ECF No. 3 at 3, n.1. Mr. Chiu's history of frivolous, vexatious lawsuits is readily apparent from his litigation history.

*(2) Mr. Chiu's motive and the lack of objective good faith expectation of prevailing*

The complaint in this case is again frivolous, containing no cause of action and no specific allegations against any defendant. ECF No. 1. The complaint begins as follows: "999 USD Gizmodo Number President Show Down and USD Infinite President Show down[.] Maximum Number to Infinite Number USD President[.] Achievement versus no achievement[.] Restrict versus picky[.]" ECF No. 1 at 2. Because plaintiff failed to respond to the OSC, the court has no basis for a finding as to plaintiff's motives. However, the litigation history is objectively inconsistent with any rational and good faith expectation that the complaint in this case could pass the screening process associated with IFP status, much less that it could prevail.

*(3) Mr. Chiu's lack of counsel*

In every one of the actions Mr. Chiu has filed, he has proceeded pro se and in forma pauperis. Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh the burdens imposed by Mr. Chiu's abusive litigation tactics.

*(4) Mr. Chiu has posed an unnecessary burden on the courts and their personnel*

Mr. Chiu's repetitive frivolous litigation has imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office must repeatedly scan and file his frivolous complaints, which judges in this court must review (and given his history, dismiss); the Clerk's office must then mail out these orders.

It is apparent that Mr. Chiu has no intention of discontinuing his repeat litigation. It is currently only the third month of the year 2025, and Mr. Chiu has already filed seven actions: 2:25-cv-00154 DJC SCR; 2:25-cv-00155 DAD JDP; 2:25-cv-00156 DJC SCR; 2:25-cv-00157

TLN AC; 2:25-cv-00406 DJC AC; 2:25-cv-00407 TLN SCR; and 2:25-cv-00704 DJC AC. Accordingly, unless the court limits Mr. Chiu's actions, the court concludes that his litigation will continue to pose an unnecessary burden on the court and its personnel.

*(5) Availability of Alternative Sanctions.*

As set forth above, plaintiff has been repeatedly cautioned against filing repetitive litigation. Admonitions have had no effect. Repeated dismissals of complaints as frivolous has had no effect. The undersigned concludes that the only way to end Mr. Chiu's abusive and frivolous litigation is a restrictive pre-filing order.

**IV.     Narrowly Tailored Vexatious Litigant Order**

In Molski, the Ninth Circuit approved the scope of a vexatious litigant order because it prevented the plaintiff from filing "only the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous." Molski, 500 F.3d at 1061. Here, to prevent the types of claims plaintiff has been filing vexatiously, the undersigned recommends the following pre–filing order:

(a)     Plaintiff is barred from use of the in forma pauperis motion under 28 U.S.C. § 1915(a)(1) in the United States District Court for the Eastern District of California;

(b)     Any future filing, of any kind, by plaintiff in the United States District Court for the Eastern District of California shall include a cover page including the following words in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT IN CASE NO. 2:25-cv-0157-TLN AC PS;"

(c)     Any future filing, of any kind, by plaintiff in the United States District Court for the Eastern District of California shall include a declaration under penalty of perjury explaining why plaintiff believes he has meritorious claims;

(d)     Any future filing, of any kind, by plaintiff in the United States District Court for the Eastern District of California shall include a declaration listing all previous actions he has filed in this court or any other court; identifying named defendants and all claims made in the previous actions; certifying as to the newly submitted case that the defendants have not been sued before or that any claims against previous defendants are not related to previous actions; stating

8

that the current claims are not frivolous or made in bad faith; and declaring that he has conducted a reasonable investigation of the facts—an investigation which supports his claims;

(e) The requirements of (b) through (d), above, shall be waived if plaintiff's filing is made on his behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for plaintiff;

(f) If a proposed filing by plaintiff appearing as a self-represented litigant does not contain all the above, the Clerk of the Court shall be directed to lodge (not file) it and the Court shall not review it. If plaintiff submits an action as a self-represented litigant accompanied by the documents described above, then the Clerk of the Court will be directed to open the matter as a miscellaneous case to be considered by the General Duty Judge of this Court. The General Duty Judge shall determine whether the case constitutes frivolous, repetitive, or otherwise barred litigation. If the General Duty Judge in his or her discretion determines that the proposed lawsuit is frivolous, repetitive, or otherwise barred, he or she will dismiss the action without comment pursuant to the contemplated pre-filing order.

The undersigned finds the scope of this order narrow enough to still allow plaintiff access to the courts, but broad enough to cover—and halt—his vexatious behavior. Molski, 500 F.3d at 1061.

## V. Findings and Recommendations

Accordingly, it is hereby RECOMMENDED that plaintiff Taifusin Chiu be declared a vexatious litigant in the U.S. District Court for the Eastern District of California and be held subject to the pre-filing order described in Section IV above. The court further RECOMMENDS that this action be held subject to the pre-filing order and that plaintiff be required to comply with its provisions within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

9

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE